## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **RUSSELL K. DEWITT,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE** |
| **v.** | : | **NO.:** |
| | : | |
| **AMERICAN ALTERNATIVE INSURANCE** | : | |
| **CORPORATION,** | : | **[On Removal from State** |
| | : | **Court of Fulton County,** |
| **Defendant.** | : | **Civil No. 16EV005353]** |
| | : | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, Defendant American Alternative Insurance Corporation ("AAIC") hereby removes the above-captioned action, filed by Plaintiff Russell K. Dewitt ("Plaintiff") in the State Court of Fulton County, in the State of Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division, respectfully showing the Court as follows:

## GROUNDS FOR REMOVAL

1.    Plaintiff commenced the action styled *Russell K. Dewitt, Plaintiff, v. American Alternative Insurance Corporation, Defendant*, Civil Action File No. 16EV005353, by filing a complaint in the State Court of Fulton County, in the

1

State of Georgia (the "State Court Action") on November 18, 2016. *See* General Civil Case Filing Information Form and Complaint for Damages ("Complaint"), attached as **Exhibit "A"**.

2.     In the Complaint, Plaintiff seeks damages from Defendant AAIC under a direction action theory because AAIC was the insurance carrier for Triple D Trucking. *See* Exh. A.  Plaintiff has sued Triple D Trucking, among others, in the State Court of Ware County, in the State of Georgia (the "Ware County Action"), in connection with a motor vehicle accident that occurred in Ware County, Georgia on or about November 25, 2014 (the "subject accident").  *See* General Civil Case Filing Information Form and Complaint for Damages in the Ware County Action, attached as **Exhibit "B"**.

3.     As set forth more fully below, the State Court Action warrants removal to this Court because all procedural requirements for removal are satisfied, there exists complete diversity of citizenship between Plaintiff and Defendant AAIC, and the matters in controversy exceed the sum or value of $75,000, exclusive of interest and costs.  *See* 28 U.S.C. §§ 1441, 1446, and 1332.

4.     Moreover, the United States District Court for the Northern District of Georgia, Atlanta Division, is the appropriate court for filing this Notice of

Removal pursuant to 28 U.S.C. § 1446(a), as it is the district court for the district and division within which the State Court Action is pending.

5.      Upon information and belief, at the time the Complaint was filed, Plaintiff was (and still is) a resident of Ware County, Georgia such that he is a citizen of Georgia. *See Ennis v. Smith*, 55 U.S. 400, 423 (1852) ("Where a person lives, is taken *primâ facie* to be his domcil, until other facts establish the contrary."); *see also McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.").

6.      Defendant AAIC has, at all relevant times, been a "foreign corporation" organized under the laws of Delaware with its principal place of business in Princeton, New Jersey. *See* Exh. A at ¶ 5; *see also* Georgia Corporations Division Printout – Corporation Entity Details for AAIC, attached as **Exhibit "C"**. Defendant AAIC is therefore deemed a citizen of <u>Delaware and Jersey</u> for purposes of 28 U.S.C. §§ 1441 and 1332. *See* 28 U.S.C. § 1332(c). Defendant AAIC was served, via its registered agent, with a summons and a copy of the Complaint on December 7, 2016. *See* Service of Process Receipt, attached as **Exhibit "D"**.

7.      Thus, pursuant to 28 U.S.C. § 1332, there exists complete diversity of citizenship between Plaintiff and Defendant AAIC.

8.      Defendant AAIC has not answered or otherwise appeared in the State Court Action as of the date of this filing.  Because this Notice of Removal is being filed within 30 days of service of the initial pleadings to AAIC, it is timely pursuant to 28 U.S.C. § 1446(b).

9.      Although the Complaint does not claim a specific amount of damages, the evidence supports a finding that the matters in controversy more likely than not exceed the jurisdictional requirement for removal to this Court.[1]  The Complaint includes claims for:

   a.  "serious personal injuries" (Exh. A at ¶ 5);

   b.  "medical bills in excess of $40,554.45" (*id.*);

   c.  "lost wages in excess of $1.00" (*id.*);

   d.  "pain and suffering" (*id.* at ¶ 6); and

---

[1] In the Eleventh Circuit, "[i]f a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (internal quotation marks and punctuation omitted).  In some cases, "it may be facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when the complaint does not claim a specific amount of damages." *Id.* (internal quotations omitted).  District courts may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Id.* at 1061-62.

e. All "past and future medical expenses, past and future pain and suffering, loss of enjoyment of life, and all other Damages as permitted by law" (*id.*at ¶ 9);

Based on these claims, it is facially apparent from the Complaint that the jurisdictional requirement for removal to this Court is satisfied. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1063 (11th Cir. 2010) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

10.    Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings served on Defendant AAIC are attached hereto.  *See* Exh. A.  No orders have been served on Defendant AAIC as of the date of this filing.

11.    Pursuant to 28 U.S.C. § 1446(d), Defendant AAIC will provide Plaintiff with written notice of the filing of this Notice of Removal and file with the Clerk of the State Court of Fulton County, in the State of Georgia, a copy of this Notice of Removal.  *See* Notice of Filing Notice of Removal, attached as **Exhibit "E"**.

12.    Based on the foregoing, and pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, the State Court Action warrants removal to this Court because all procedural requirements for removal are satisfied, there exists complete diversity of

citizenship between Plaintiff and Defendant AAIC, and the matters in controversy exceed the sum or value of $75,000, exclusive of interest and costs.

13.   Defendants AAIC demands a jury trial on all the issues so triable.

14.   The filing fee of $400.00 has been paid electronically into the registry of the United States District Court contemporaneously with the filing of this Notice.

WHEREFORE, Defendant AAIC respectfully requests that the above-captioned action, filed by Plaintiff in the State Court of Fulton County, in the State of Georgia, be REMOVED to the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332.

[Signature on Following Page]

Respectfully submitted and signed, pursuant to Rule 11 of the Federal Rules of Civil Procedure, on this 6th day of January, 2017, by:

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

*/s// Joshua S. Wood*
Joshua S. Wood
Georgia Bar No. 881696
3344 Peachtree Road NE
Suite 2400
Atlanta, Georgia  30326
Telephone:  404-876-2700
Fax:  404-875-9433
jwood@wwhgd.com

*Attorneys for Defendant*

## RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE

Pursuant to Local Rule 7.1D of the United States District Court for the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, double-spaced between lines, and prepared with 14-point Times New Roman font.

This 6th day of January, 2017.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC


/s// *Joshua S. Wood*
Joshua S. Wood
Georgia Bar No. 881696
jwood@wwhgd.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing was served upon opposing counsel via electronic mail and by depositing a copy of same in the U.S. Mail, postage prepaid, addressed to:

James E. Kurhajian, Esq.
THE DOZIER LAW FIRM, LLC
401 Mall Boulevard
Suite 103E
Savannah, Georgia  31406-4862
James@dozierlaw.com

*Attorneys for Plaintiff*

This 6th day of January, 2017.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC


*/s// Joshua S. Wood*
Joshua S. Wood
Georgia Bar No. 881696
jwood@wwhgd.com

*Attorneys for Defendant*